**Marvin W. JOHNSTON, Plaintiff,**

v.

**Charles SIMMONS, et al., Defendants.**

**Civil Action No. 97–3354–KHV.**

United States District Court, D. Kansas.

March 31, 1999.

Marvin W. Johnston, Lansing, MI, pro se.

Hsing Kan Chiang, Office of Atty. Gen., Kansas Judicial Center, Topeka, KS, for defendants.

### *MEMORANDUM AND ORDER*

VRATIL, District Judge.

This matter comes before the Court on plaintiff's *Motion For Preliminary Injunction* (Doc. # 5) filed November 24, 1997; plaintiff's *Motion For Order To Show Cause* (Doc. # 6) filed March 15, 1998; plaintiff's *Motion For Leave To File Amended Complaint* (Doc. # 15) filed January 12, 1999; and plaintiff's *Motion To Stay Defendant's Motion For Summary Judgment* (Doc. # 20) filed February 2, 1999. Plaintiff brings suit under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by reducing his incentive level after he refused to enter into recommended rehabilitation programs at Lansing Correctional Facility.

## Facts[1]

Plaintiff is an inmate at Lansing Correctional Facility, serving 35 years to life for a 1979 conviction. Plaintiff appeared before the Kansas Parole Board in March of 1994, at which time the board denied parole and determined that plaintiff would next be eligible for parole in April of 1997. In denying parole, the board noted the serious nature and circumstances of plaintiff's crime, his history of criminal activities, his failure to participate in mental health counseling or sex offender treatment programs, and the fact that he has been in prison six times.

On April 20, 1995, prison officials gave plaintiff an "Inmate Program Plan" which recommended rehabilitation programs to help plaintiff get parole and adjust to life after prison. Specifically, prison officials recommended a GED educational program, a sex offender treatment program, mental health counseling, and a vocational education program. Plaintiff refused to enter into an agreement to participate in these programs.[2] On August 21, 1996, prison officials again suggested that plaintiff complete the sexual abuse treatment program. Plaintiff refused.

In March of 1997, the parole board again denied plaintiff parole, noting the serious nature and circumstances of plaintiff's crime, plaintiff's criminal history, his five stays in prison,[3] his objections regarding parole,[4] and his failure to participate in rehabilitation programs. The board deferred plaintiff's next parole hearing until April of 2003 due to plaintiff's extensive history of crimes against persons (including children).

On April 29, 1997, prison officials again recommended to plaintiff that he complete the GED program. Plaintiff refused. Prison officials repeated their recommendation on July 18, 1997 and plaintiff again refused.

Internal Management Policy and Procedure 11–101 ("IMPP 11–101") governs inmate privileges and incentives, and distinguishes several levels of privileges. At Level 1, inmates receive only limited access to personal property (such as televisions), limited activities, limited expenditures and limited incentive pay. To move to a higher level, an inmate must participate in recommended programs for at least 120 days. IMPP 11–101 states that an inmate's privilege level should be automatically reduced to Level 1 if he refuses to participate in such programs. As a result of plaintiff's failure to participate in such programs, prison officials reduced his incentive level to Level 1. Plaintiff alleges that because of this reduction, he lost his job, privileges and personal property. Plaintiff seeks a preliminary injunction to prevent defendants from trying to force him to enter into a program plan, and to prevent them from transferring him to a less desirable facility or cellhouse based on his refusal to enter into a plan.[5] Defen-

---

1. The Court gleans the following facts mostly from plaintiff's *Motion For Preliminary Injunction* (Doc. # 5), plaintiff's complaint, and plaintiff's amended complaint. When necessary, the Court relies on defendants' *Martinez* report for further background facts, but the Court construes all facts in plaintiff's favor for purposes of plaintiff's motion for preliminary injunction.

2. Defendants use the term "program agreement" to refer to statutory agreements to participate in rehabilitative programs. *See* K.S.A. § 75–5210a. The statute does not apply to many inmates, however, and when such inmates enter into similar agreements, defendants call the agreements "program plans" instead of "program agreements." The treatments are the specific programs listed in the program plan or agreement.

3. The Court recognizes the discrepancy between this report and the parole board's prior report, which stated that plaintiff had been in prison six times.

4. This notation apparently refers to plaintiff's objection to parole, because defendants provide evidence that plaintiff informed the parole board that he does not want to be paroled.

5. It is important to note that plaintiff does not seek relief which might effectively redress any complaint that his opportunity for parole is impaired by his refusal to participate in recommended rehabilitative programs. The record suggests that plaintiff does not want either rehabilitation or parole, but only more privileges: greater access to personal proper-

dants have not responded to plaintiff's motion.

### Preliminary Injunction Standard

■ The purpose of a preliminary injunction is "to preserve the status quo pending the outcome of the case." *Tri-State Generation and Transmission Ass'n., Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir.1986). A preliminary injunction is a drastic and extraordinary remedy, and courts do not grant it as a matter of right. *Paul's Beauty College v. United States*, 885 F.Supp. 1468, 1471 (D.Kan.1995); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2948, at 128–29 & nn. 3, 6–7 (1995). We must deny injunctive relief if the moving party fails to establish any requisite element, *Packerware Corp. v. Corning Consumer Prods. Co.*, 895 F.Supp. 1438, 1446 (D.Kan.1995), and the moving party must establish that it is entitled to injunctive relief by clear and unequivocal proof. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir.1975); *Paul's*, 885 F.Supp. at 1471.

■ In order to obtain a preliminary injunction, plaintiff must establish that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause defendant; (3) the injunction, if issued, will not be adverse to the public interest; and (4) there is a substantial likelihood that plaintiff will eventually prevail on the merits. *Tri-State*, 805 F.2d at 355 (citing *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980)); *Heatron, Inc. v. Shackelford*, 898 F.Supp. 1491, 1498 (D.Kan.1995).

### Analysis

■ Plaintiff claims that he is entitled to a preliminary injunction because defendants' conduct violates the constitutional prohibition on ex post facto laws. *See* U.S. Const., art. 1, § 9, cl. 3; art. 1, § 10, cl. 1.

"An ex post facto law is 'any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Raymer v. Enright*, 113 F.3d 172, 174 (10th Cir.1997) (quoting *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)). In determining whether a rule violates the ex post facto clause, the Court focuses on whether the change alters the definition of criminal conduct or increases the penalty by which a crime is punishable. *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 506–07 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

■ Plaintiff argues that K.S.A. § 22–3717, K.S.A. § 75–5210a and IMPP 11–101 violate the prohibition on ex post facto laws because defendants are using them to require him to complete recommended programs as a condition of parole. Section 75–5210a directs the Secretary of Corrections to enter into inmate program agreements that list the programs that particular inmates must complete to be prepared for release on parole. Section 22–3717(g)(2) states that to be eligible for parole, an inmate must complete the programs listed in his program agreement under Section 75–5210a. Plaintiff argues that such programs were not a condition for parole when he entered prison in 1979 and that defendants have increased his penalty by adding requirements for parole that could lengthen his sentence. The Court finds, however, that plaintiff is not likely to prevail on this claim.

First, the statutes and policy do not require that plaintiff complete recommended rehabilitative programs as a condition of parole. Sections 22–3717 and 75–5210a do not apply to plaintiff because plaintiff was incarcerated in 1979 and the Kansas legislature did not enact these provisions until 1988. Under Kansas law, the statutes are not retroactive. *See Payne v.*

---

ty (such as televisions), more activities, more expenditures, greater incentive pay and a de-

sirable cellhouse assignment.

*Kansas Parole Bd.,* 20 Kan.App.2d 301, 304, 887 P.2d 147, 151 (1994). Defendants do not disagree. Therefore plaintiff is not required to enter into a program agreement, nor is he required to complete any agreed programs as a condition of parole. Plaintiff's eligibility for parole may be harmed by his failure to participate in such programs, but his eligibility does not hinge on program completion.[6] Plaintiff's penalty for his crimes is therefore no more onerous than it was when he entered prison.

■ Second, plaintiff alleges that as a result of his refusal to enter into a program agreement, defendants have deprived him of property and privileges. Plaintiff admits that this is not an ex post facto violation, but argues that defendants are using IMPP 11–101 to require him to sign a program agreement and that the policy therefore amounts to an indirect ex post facto law. The Court finds, however, that plaintiff is not likely to prevail on this claim. The policy does not contain any requirement that plaintiff sign a program agreement, nor does it punish plaintiff for failing to sign an agreement. Under IMPP 11–101, prison officials automatically reduce an inmate's incentive level for refusing to participate in recommended programs. Defendants' only redress for inmate nonparticipation is a reduction in incentive level. Courts have found that the portions of IMPP 11–101 which allow the reduction in incentive level are not ex post facto violations because they do not increase an inmate's punishment. *See Maberry v. McKune,* 24 F.Supp.2d 1222, 1228 (D.Kan.1998); *Vinson v. McKune,* 265 Kan. 422, 426, 960 P.2d 222, 224–25 (1998); *Nemechek v. McKune,* 24 Kan.App.2d 72, 75, 941 P.2d 952, 954 (1997).

Plaintiff apparently argues that even if K.S.A. § 22–3717, K.S.A. § 75–5210a and IMPP 11–101 do not run afoul of the ex post facto clause, defendants do so through their *actions.* Plaintiff alleges that defendants are attempting to coerce plaintiff to sign a program plan by using IMPP 11–101 against him. He further alleges that once he signs a plan, defendants will apply both K.S.A. § 22–3717 and § 75–5210a retroactively to him to require him to complete his program plan before he can be eligible for parole. At this point, however, plaintiff's allegations amount to no more than mere speculation. The record contains no evidence that defendants have forced plaintiff to sign a program plan. Plaintiff repeatedly stresses that he has not entered into a program plan, despite defendants' use of IMPP 11–101. Plaintiff's eligibility for parole is therefore no different currently than it was before defendants applied IMPP 11–101 to him. He therefore has not shown any current injury.

■ Plaintiff is also unable to show a danger of imminent harm. Even if defendants *want* plaintiff to sign a program plan, they have not *required* him to sign a plan, they have merely taken away his privileges for his refusal. Defendants have allowed plaintiff to make his own choice whether to sign a program plan. So long as plaintiff continues to fight the good fight (from his perspective) and refuses to sign a program plan, the law recognizes no ex post facto problem. Plaintiff steadfastly refuses to sign a program plan, and does not remotely suggest that he intends to sign such a plan in the future. The record therefore reveals no evidence of any imminent threat of constitutional injury to plaintiff. Because plaintiff lacks either actual or imminent harm, he lacks the standing necessary to currently seek an injunction. *See Phelps v. Hamilton,* 122 F.3d 1309, 1327 (10th Cir.1997) (without evidence that plaintiffs intend to take action in violation of challenged laws, plaintiffs fail to show imminent threat necessary for standing). Injunctive relief is therefore improper at this time.

---

**6.** The parole board is entitled to consider plaintiff's participation (or lack thereof) in recommended programs. Section § 22– 3717(h)(2) allows the board to consider "all pertinent information" regarding plaintiff.

Plaintiff has failed to show a likelihood of success on his claim that defendants' actions constitute an ex post facto violation. Because plaintiff has failed to demonstrate an element which is required for injunctive relief, an injunction would be improper in this case. *Packerware Corp. v. Corning Consumer Products Co.*, 895 F.Supp. 1438, 1446 (D.Kan.1995). Even if the Court were to consider the remaining elements, a preliminary injunction would not be warranted. Plaintiff cites no evidence of irreparable injury and the record contains no evidence that defendants have violated plaintiff's constitutional rights in applying the policy to him. The Court therefore finds no irreparable injury that plaintiff will suffer from continued application of IMPP 11–101.

Plaintiff also has failed to show that an injunction will serve the public interest. Plaintiff argues that the public interest is served by preventing constitutional violations but again, plaintiff has not met his burden of proving a constitutional violation. If defendants' actions do not appear to violate the law, the public interest is not served by an injunction.

Finally, the balance of hardships does not favor plaintiff. While plaintiff will continue to suffer the consequences of IMPP 11–101, this hardship is not significant unless defendants have applied IMPP 11–101 unconstitutionally. Absent a substantial question on that issue, an injunction would needlessly burden defendants' discretion to manage the prison as they see fit. *See Vinson*, 265 Kan. at 426, 960 P.2d at 225.

In summary, because plaintiff has failed to establish any of the four required elements for a preliminary injunction, his request is denied.[7]

## A. Amended Complaint

■ Plaintiff seeks leave to amend his complaint under Rule 15, Fed.R.Civ.P.[8] Under Rule 15(a), the Court shall freely give plaintiff leave to amend "when justice so requires." Motions to amend are matters of discretion for the trial court, *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991), and a refusal to grant leave to amend should normally be justified by factors such as futility, undue delay, undue prejudice to the non-moving party, or bad faith of the moving party. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). Defendants do not oppose plaintiff's proposed amendment, and the Court can find no reason to deny plaintiff's request. The Court therefore grants plaintiff leave to amend his complaint.

## B. Motion To Stay Defendants' Summary Judgment Motion

■ Plaintiff's *Motion To Stay Defendant's Motion for Summary Judgment* (Doc. # 20) requests that the Court stay defendant's motion because discovery is necessary to support plaintiff's claims. While plaintiff does not cite the rule, the Court views plaintiff's argument as one under Rule 56(f), which allows a party to submit an affidavit stating "that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." In such a case, the Court may order a continuance to permit further discovery. *See id.* The Court has discretion whether to grant a Rule 56(f) motion. *See Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir.1993). The rule is not "invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Pasternak v.*

---

**7.** As a result, plaintiff's *Motion For Order To Show Cause* (Doc. # 6), which requested that the Court order defendants to respond to plaintiff's *Motion For Preliminary Injunction* (Doc. # 5), is moot. The Court therefore denies the motion.

**8.** Plaintiff cites Rule 15(c), Fed.R.Civ,P, as the basis for amendment, but Rule 15(c) addresses when amendments can relate back. Before the amendment can relate back, the Court must first grant leave to amend under Rule 15(a). The Court therefore interprets plaintiff's motion as one for leave to amend under Rule 15(a).

*Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir.1986). Plaintiff must state with specificity how the additional time would enable him to obtain evidence to oppose the motion for summary judgment. *See Jensen*, at 1554.

In this regard, plaintiff cites only documentary evidence that defendants construe "program agreements" under K.S.A. § 75–5210a as "program plans," a term which defendants use to define program-like agreements that do not fall within Section 75–5210a. Such evidence, however, even if available, would not help plaintiff. As noted above, plaintiff repeatedly states that he has never entered into either a "program plan" or a "program agreement." Therefore, evidence that defendants fungibly construe "program agreements" and "program plans" is irrelevant. Plaintiff cites no further examples of specific evidence that he needs to respond to defendants' motion. Because of this, the Court has no reason to delay consideration of defendants' summary judgment motion pending further discovery. *See Miller v. United States*, 710 F.2d 656, 666 (10th Cir.1983); *Redpath v. City of Overland Park*, 857 F.Supp. 1448, 1463 (D.Kan. 1994).

**IT IS THEREFORE ORDERED** that plaintiff's *Motion For Preliminary Injunction* (Doc. # 5) filed November 24, 1997 be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's *Motion For Order To Show Cause* (Doc. # 6) filed March 15, 1998 be and hereby is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's *Motion For Leave To File Amended Complaint* (Doc. # 15) filed January 12, 1999 be and hereby is **SUSTAINED.** On or before **April 12, 1999** plaintiff shall file the amended complaint

which is attached to his motion for leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's *Motion To Stay Defendant's Motion For Summary Judgment* (Doc. # 20) filed February 2, 1999 be and hereby is **DENIED.** On or before **April 20, 1999,** plaintiff shall file any opposition to defendants' *Motion For Summary Judgment* (Doc. # 17). Both parties shall consult D.Kan.Rule 56.1 concerning the format of summary judgment briefs. If plaintiff, in opposing summary judgment, relies on any facts not contained in defendants' memorandum, he shall set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by D.Kan.Rule 56.1. Defendants' reply brief (if any) shall respond to plaintiff's statement of undisputed material facts in the manner prescribed in D.Kan.Rule 56.1. If defendants do not so respond, plaintiff's statement of undisputed facts shall be deemed admitted in the manner prescribed by D.Kan.Rule 56.1.[9]

In responding to defendants' statement of undisputed facts, plaintiff shall first state defendants' numbered paragraph then his response to that numbered paragraph, to facilitate comparison. If plaintiff sets forth an additional statement of undisputed facts, defendants' reply brief shall follow the same format.

Following the recommendation of the District's Civil Justice Reform Act Advisory Group, the arguments and authorities section of briefs or memoranda submitted in accordance with D.Kan.Rule 7.6 shall not exceed 30 pages, absent an order of the Court.

9. For purposes of the summary judgment process, the separately numbered factual paragraphs in dispositive motions and opposing memoranda shall be construed as requests for admissions under Rule 36, Fed.R.Civ.P. Matters shall be deemed admitted if not controverted within the time established for the filing of opposing and reply memoranda. If the responding party cannot truthfully admit or deny the matter, the response shall specifically set forth in detail the reasons why. All responses shall fairly meet the substance of the matter asserted.

The requirements of Rule 56, Fed. R.Civ.P., D.Kan.Rule 56.1 and this Order shall be strictly enforced.